† CHADBOURNE *versus* SWAN.

To acquire a *title* by *disseizin,* the possession of the tenant or of those under whom he claims, must be proved to have been open, notorious, exclusive, and *adverse* to the true owner for twenty years.

ON EXCEPTIONS from *Nisi Prius,* APPLETON, J., presiding. WRIT OF ENTRY to recover possession of lot No. 7, in

the 6th range, in the town of Charlotte. This action was commenced on Sept. 10, 1853.

The general issue was pleaded, and a claim to betterments set up; also a title in the tenant, by possession in himself and those under whom he claims, for more than twenty years.

A verdict was returned for defendant.

The nature of the testimony and the instructions excepted to, are stated in the opinion of the Court, drawn up by

APPLETON, J. — From the proof in the case, it appears that Eben Swan, in 1818 or 1821, entered on the lot in dispute; that after such entry he continued in possession up to Sept. 30 1830, when he conveyed the same to E. F. Newell; that after such conveyance he still remained upon the demanded premises, until March 1, 1847, when Newell conveyed the same to the tenant, who has continued to occupy the same to the commencement of this action. The question for the determination of the jury, was whether the tenant and those under whom he claims, acquired title by disseizin.

The jury were instructed, " that if they should find the entry of Swan on the demanded premises, in 1818 or 1821, as they should find the fact to be, was under claim to own the land, and the possession was open, notorious and exclusive up to the time of his deed to Eben F. Newell, and his possession subsequently was under Newell, as his servant, occupying and making improvements for Newell's benefit, and not adversely to him, up to the time of his deed to the defendant, and he has since occupied the land as his own, claiming it *adversely,* acknowledging no other title, to the time of the commencement of this action, this would constitute a perfect title in the defendant, and they need make no other inquiry," &c.

" To constitute a disseizin," says MELLEN, C. J., in *Little* v. *Libby,* 2 Greenl. 247, " the person claiming to have gained a title by disseizin, must prove that his possession must

not only have continued a sufficient length of time, but must also have been *open, notorious, exclusive and adverse.*" *Kensell* v. *Daggett*, 11 Maine, 309. The possession of a tenant may be open, notorious and exclusive, and yet not adverse to the rights of the legal owner of the premises.

The instruction given does not require the jury to find the possession to be adverse, until after the deed of Newell to the tenant. It should have required the possession of those under whom the tenant claims, equally with his own possession, to have been adverse, to constitute a title by disseizin.                    *Exceptions sustained.*

                                        *New trial granted.*

*Granger*, for plaintiff.

*J. A. Lowell*, for defendant.